MR



FILED
4/20/2026
VW
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: Nitrogen, Phosphorus, and Potassium (NPK) Fertilizer Antitrust Litigation | MDL. No. 3187 |

**PLAINTIFF BRADLEY SAMUELSON'S RESPONSE TO PLAINTIFF IIHAB PARTNERSHIP'S CORRECTED MOTION TO TRANSFER AND CENTRALIZE RELATED ACTIONS FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

**TABLE OF CONTENTS**

**Page No.**

I. INTRODUCTION ..... 1

II. LEGAL STANDARD ..... 2

III. ARGUMENT ..... 3

A. Centralization Is Indisputably Appropriate ..... 3

B. The Northern District of California Is the Appropriate Transferee Forum ..... 4

C. The Western District of Missouri Is Not the Most Appropriate Transferee Forum ..... 7

D. Alternatively, the Northern District of Illinois Is Preferable to the Western District of Missouri ..... 10

IV. CONCLUSION ..... 11

**TABLE OF AUTHORITIES**

**Page No.**

**Cases**

*In re Bextra & Celebrex Mktg., Sales Pracs. & Prods. Liab. Litig.*,
391 F. Supp. 2d 1377 (J.P.M.L. 2005)....5

*In re BP p.l.c. Sec. Litig.*,
734 F. Supp. 2d 1376 (J.P.M.L. 2010)....5

*In re CCell Closed Cannabis Oil Vaporization Sys. & Components Prods. Litig.*,
808 F. Supp. 3d 1410 (J.P.M.L. 2025)....3, 4

*In re Celexa & Lexapro Prods. Liab. Litig.*,
416 F. Supp. 2d 1361 (J.P.M.L. 2006)....5

*In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*,
780 F. Supp. 2d 1379 (J.P.M.L. 2011)....5

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
196 F. Supp. 2d 1375 (J.P.M.L. 2002)....5

*In re Gator Corp. Software Trademark & Copyright Litig.*,
259 F. Supp. 2d 1378 (J.P.M.L. 2003)....6

*In re Google Antitrust Litig.*,
521 F. Supp. 3d 1358 (J.P.M.L. 2021)....4

*In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*,
396 F. Supp. 3d 1374 (J.P.M.L. 2019)....5

*In re Janus Mut. Funds Inv. Litig.*,
310 F. Supp. 2d 1359 (J.P.M.L. 2004)....5

*In re Lithium Ion Batteries Antitrust Litig.*,
923 F. Supp. 2d 1370 (J.P.M.L. 2013)....5

*In re Qualcomm Antitrust Litig.*,
273 F. Supp. 3d 1373 (J.P.M.L. 2017)....5

*In re: Roundup Prods. Liab. Litig.*,
214 F. Supp. 3d 1346 (J.P.M.L. 2016)....2

*In re Trasylol Prods. Liab. Litig.*,
545 F. Supp. 2d 1357 (J.P.M.L. 2008)....6

*In re WorldCom, Inc., Sec. & ERISA Litig.*,
226 F. Supp. 2d 1352 (J.P.M.L. 2002) ..... 5

*In re Xyrem (Sodium Oxybate) Antitrust Litig.*,
509 F. Supp. 3d 1375 (J.P.M.L. 2020) ..... 5

**Statutes**

28 U.S.C. § 1407 ..... 1, 2, 3

**Other Authorities**

*Ann. Manual Complex Litig.*,
§ 20.131 (4th ed.) (2025) ..... 3, 4

*Newberg and Rubenstein on Class Actions*,
§ 6:60 (6th ed.) (2025) ..... 3

Pursuant to 28 U.S.C. § 1407 and Rule of Procedure of the Judicial Panel on Multidistrict Litigation 6.2(e), Plaintiff Bradley Samuelson ("Plaintiff" or "Samuelson") in *Bradley Samuelson v. Mosaic Company, et al.*, No. 3:26-cv-02970 (N.D. Cal. Apr. 6, 2026), Dkt. 1, respectfully submits this interested party response to Movant Plaintiff IIHAB Partnership's Corrected Motion to Transfer and Centralize Related Actions for Coordinated or Consolidated Pretrial Proceedings ("Motion") (Dkts. 2, 2-1). Samuelson agrees that centralization of the related actions pursuant to 28 U.S.C. § 1407 is appropriate but respectfully opposes Movant's proposal to transfer this litigation to the Western District of Missouri. With 12 related actions now pending across multiple districts, reflecting the nationwide scope of the alleged conduct, centralization in the Northern District of California is most appropriate and will better serve the convenience of the parties and promote the just and efficient conduct of this litigation.

## I. INTRODUCTION

This litigation has expanded rapidly in the weeks since news sources first reported that the Department of Justice has been investigating price-fixing conduct in the commercial fertilizer industry. Twelve cases are now pending across multiple districts, confirming both the nationwide scope of the alleged conspiracy and the need for centralization to avoid myriad inefficiencies, conserve judicial resources, and prevent inconsistent pretrial rulings.

Samuelson supports centralization under 28 U.S.C. § 1407. The same conduct is alleged in all of the related actions: a coordinated scheme among Defendants to restrict competition and inflate prices for nitrogen, phosphate, and potash (NPK) fertilizers. These actions will unquestionably involve overlapping discovery, common witnesses, and substantially similar legal and factual issues. Absent centralization, the parties and courts will face unnecessary duplication of efforts and a significant risk of inconsistent rulings on key issues.

While Samuelson agrees the related cases should be centralized, he believes the actions should be centralized in the Northern District of California. Movant proposes the Western District of Missouri based largely on its proximity to certain agricultural regions and its geographically central location in the United States. But this litigation is not regional, it is national. Defendants are located across the United States (and even abroad in Canada, the United Kingdom, and Norway), and evidence is likely to be found globally. This will require the coordination of complex economic and documentary proof. As the number of cases has grown and their geographic dispersion has broadened, the rationale for centralizing in a local midwestern forum has diminished.

The Northern District of California is uniquely well-suited to manage this litigation. It is one of the nation's most experienced districts in handling complex antitrust class actions and multidistrict proceedings and possesses the judicial resources and infrastructure necessary to efficiently oversee a proceeding of this magnitude. It is also readily accessible to parties, counsel, and witnesses nationwide and internationally. Centralization in the Northern District of California will therefore best serve the parties and promote the just and efficient conduct of this litigation.[1]

## II. LEGAL STANDARD

Civil actions pending in different districts are properly centralized where the actions involve "one or more common questions of fact," where transfer would serve "the convenience of parties and witnesses," and where pretrial consolidation would "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a); *see In re: Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016) (centralizing pretrial proceedings in actions involving an herbicide

---

[1] Should the Panel determine that another forum is prudent, Plaintiff alternatively submits the Northern District of Illinois would be preferable to any other district where a related action is pending.

in the Northern District of California); *In re CCell Closed Cannabis Oil Vaporization Sys. & Components Prods. Litig.*, 808 F. Supp. 3d 1410, 1411 (J.P.M.L. 2025) (centralizing pretrial proceedings in antitrust actions involving cannabis oil in the Northern District of California).

"In selecting a transferee district and MDL judge, the Panel is attempting to promote the efficient resolution of a piece of complex litigation." *Newberg and Rubenstein on Class Actions*, § 6:60 (6th ed.) (2025). The Panel "is vested with the authority to consolidate cases for pre-trial purposes and thereby establish a multidistrict litigation (or MDL) in a particular forum." *Id.* § 6:45. That authority is vested in "section 1407[, which] gives essentially unfettered discretion to the JPML to pick a site for an MDL[.]" *Id.* No single factor determines the selection of the transferee district, "but the Panel does consider where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges." *Ann. Manual Complex Lit.*, § 20.131 (4th ed.) (2025).

Here, these factors militate against transferring the related actions to the Western District of Missouri and in favor of transfer to the Northern District of California or, alternatively, the Northern District of Illinois, for coordinated or consolidated pretrial proceedings.

## III. ARGUMENT

### A. Centralization Is Indisputably Appropriate

Plaintiff agrees that centralization of these related actions is appropriate pursuant to 28 U.S.C. § 1407. A dozen related actions have been filed, and possibly even more after this filing, which involve "one or more common questions of fact"; transfer would serve "the convenience of parties and witnesses"; and pretrial consolidation would "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).

**B. The Northern District of California Is the Appropriate Transferee Forum**

The Northern District of California is the most appropriate transferee forum for this litigation. In selecting a transferee district, the Panel considers several factors, including the convenience of the parties and witnesses, the location of relevant evidence, and the experience and resources of the transferee court. *Ann. Manual Complex Lit.*, § 20.131 (4th ed.) (2025). These factors strongly favor centralization in the Northern District of California.

The Northern District of California remains one of the more active venues for antitrust litigation, with 48 such actions filed in 2025 alone — behind only the Southern District of New York and the Northern District of Illinois.[2] Between 2019 and 2025, the Northern District of California has averaged 60 antitrust actions filed a year.[3] This sustained volume reflects the district's familiarity with complex antitrust matters and its capacity to efficiently manage cases, such as this litigation involving class representatives across the country and multiple domestic and foreign Defendants. From a historical perspective, the Northern District of California has resolved 115 multidistrict litigations from 1968 through September 30, 2025, while the Western District of Missouri has resolved 22 multidistrict litigations and the Northern District of Illinois has resolved 106 multidistrict litigations during the same period.[4] This record speaks to the experience and resources of the Northern District of California.

Further, the Panel has consistently recognized the Northern District of California's ability to oversee sophisticated antitrust multidistrict litigation. *See, e.g.*, *In re CCell Closed Cannabis Oil Vaporization Sys. & Components Prods. Litig.*, 808 F. Supp. 3d 1410 (J.P.M.L. 2025); *In re Google*

---

[2] https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile1231.2025.pdf
[3] https://www.uscourts.gov/data-news/reports/statistical-reports/federal-court-management-statistics
[4] https://www.jpml.uscourts.gov/sites/jpml/files/JPML_Fiscal_Year_2025_Terminated_Litigations_Report_0.pdf

*Antitrust Litig.*, 521 F. Supp. 3d 1358 (J.P.M.L. 2021); *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 509 F. Supp. 3d 1375 (J.P.M.L. 2020); *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, 396 F. Supp. 3d 1374 (J.P.M.L. 2019); *In re Qualcomm Antitrust Litig.*, 273 F. Supp. 3d 1373 (J.P.M.L. 2017); *In re Lithium Ion Batteries Antitrust Litig.*, 923 F. Supp. 2d 1370 (J.P.M.L. 2013). This consistent recognition underscores the district's deep experience with complex antitrust matters and its ability to efficiently manage litigation of this scope.

The nationwide scope of this litigation further supports centralization in a forum equipped to handle geographically dispersed actions. As the Panel has repeatedly recognized, where actions and parties are dispersed across the country, "no district stands out as the geographic focal point for this nationwide litigation." *In re Janus Mut. Funds Inv. Litig.*, 310 F. Supp. 2d 1359, 1361 (J.P.M.L. 2004); *see also In re Bextra & Celebrex Mktg., Sales Pracs. & Prods. Liab. Litig.*, 391 F. Supp. 2d 1377, 1379 (J.P.M.L. 2005); *In re Celexa & Lexapro Prods. Liab. Litig.*, 416 F. Supp. 2d 1361, 1363 (J.P.M.L. 2006). Likewise, because potential plaintiffs and putative class members reside "in every corner of the country," the location of currently filed actions "is not a particularly significant factor" in selecting a transferee forum. *In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 780 F. Supp. 2d 1379, 1381 (J.P.M.L. 2011); *see also In re BP p.l.c. Sec. Litig.*, 734 F. Supp. 2d 1376, 1379 (J.P.M.L. 2010).

Further, the Panel has emphasized that litigation of this scale benefits from centralization in a major metropolitan forum with the infrastructure necessary to support complex proceedings. "[L]itigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well developed support system for legal services." *In re WorldCom, Inc., Sec. & ERISA Litig.*, 226 F. Supp. 2d 1352 (J.P.M.L. 2002); *see also In re Enron Corp. Sec., Derivative & ERISA Litig.*, 196 F.

Supp. 2d 1375, 1376–77 (J.P.M.L. 2002); *In re Gator Corp. Software Trademark & Copyright Litigation*, 259 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003); *In re Trasylol Prods. Liab. Litig.*, 545 F. Supp. 2d 1357, 1358 (J.P.M.L. 2008). The Northern District of California satisfies these considerations. In total, San Francisco International Airport is among the busiest airports in the United States handling 54.53 million passengers and 416,288 aircraft operations (arrivals and departures) in 2025.[5] Moreover, San Francisco has more than 35,000 hotel rooms[6] and 10,000 short-term rentals,[7] providing ample ability to accommodate parties, counsel, witnesses, and support personnel participating in coordinated pretrial proceedings. The district's robust infrastructure and ease of accessibility make the Northern District of California particularly well suited to host and efficiently manage this nationwide, complex litigation.

Agriculture also plays a central and outsized role in California's economy and in the nation's food supply, further underscoring that no single region holds a unique or predominant connection to the issues in this litigation. California is the largest state producer and exporter of agricultural products, generating a substantial share of the country's fruits, vegetables, nuts, and specialty crops and accounting for a significant portion of total U.S. agricultural output.[8] In fact, "California is the fifth-largest supplier of food and other agricultural products ***in the world***" (emphasis added).[9] The State's agricultural industry spans tens of millions of acres and encompasses a broad and highly integrated network of growers, processors, distributors, and

---

[5] https://roadgenius.com/statistics/airports/usa/san-francisco-sfo-airport/#Aircraft_Operations_at_San_Francisco_International_Airport
[6] https://www.sftravel.com/sites/default/files/2025-07/2024%20San%20Francisco%20City-County%20Lodging%20Statistics.pdf
[7] https://www.sftravel.com/where-to-stay
[8] https://business.ca.gov/industries/agriculture-and-ag-tech/
[9] https://californialocal.com/localnews/statewide/ca/article/show/36707-california-agriculture-dairy-wheat-fruit-vegetables/

purchasers that operate domestically and internationally. These operations are heavily dependent on NPK fertilizers[10] — the products at issue in this litigation — and other crop inputs.

Given the scale, diversity, and economic significance of California's agricultural sector, the State represents a major site of fertilizer demand and use within the United States. Accordingly, to the extent Movant contends that agricultural activity bears on the appropriate forum, California's extensive agricultural footprint demonstrates that the alleged conduct and its effects are not concentrated in any single region but instead are national in scope and felt across multiple agricultural markets throughout the country.

Accordingly, the Northern District of California is the most appropriate transferee forum for this litigation.

### C. The Western District of Missouri Is Not the Most Appropriate Transferee Forum

Movant has not demonstrated that the Western District of Missouri is the most appropriate forum for this litigation. While Movant emphasizes Missouri and, specifically, Kansas City's geographic proximity to certain agricultural regions,[11] that rationale is insufficient in light of the nationwide (and even, international) scope of the alleged conduct that has impacted more than just farmers in the Midwest, in addition to the expanding number of related actions pending across the country.

---

[10] Testimony of Dr. Diana Moss Before the United States Senate Committee on the Judiciary, Pressure Cooker:
Competition Issues in the Seed & Fertilizer Industries, October 28, 2025 ("Fertilizers are a critical input in the agricultural sector. Industrial farming in much of the world is heavily dependent on external inputs of nitrogen, phosphorus, and potassium or potash.")

[11] Movant states in the Motion "Missouri is conveniently located in the heart of the country and center of the
affected areas"; "Kansas City is an epicenter of the agricultural issues at play in this lawsuit"; "Missouri serves as a nexus of the states whose citizens have been most impacted by the NPK Fertilizer conspiracy." Dkt. 2-1, at 8-9.

The concentration of farmland or agricultural activity in Missouri and neighboring states does not justify selection of that forum. Farming occurs nationwide, and the alleged conduct at issue impacted purchasers across the United States, not merely those located in the Midwest. Indeed, as noted, *supra*, California is the leading agricultural state in the nation according to the 2022 Census of Agriculture.[12]

Furthermore, the proposed classes (indirect and direct purchasers) are national in scope, and the alleged effects of Defendants' conduct are not confined to any single region. Under Movant's own rationale, other regions such as California have a far more significant agricultural footprint. Nearly half of the country's vegetables and more than three-quarters of its fruits and nuts are grown in California,[13] and approximately 40% of the State's land is devoted to agriculture (some 40 million acres).[14] California also accounts for approximately 10.9% of total U.S. agricultural output (leading every other state by a far margin) and is home to all but one of the nation's top 10 agricultural producing counties.[15]

The parties themselves are not concentrated in Missouri or the surrounding region. Plaintiffs are geographically dispersed across multiple states,[16] and Defendants are headquartered and operate throughout the United States and internationally.[17] This dispersion extends to counsel

---

[12] *See supra* note 6.
[13] https://www.cdfa.ca.gov/Statistics/
[14] https://www.ppic.org/publication/agricultural-land-use-in-california/
[15] https://www.lassennews.com/73735-2
[16] States represented by current plaintiffs include: Alabama, Arkansas, Florida, Illinois, Iowa, Kansas, Maryland, Michigan, Minnesota, Missouri, Nebraska, New York, North Dakota, South Dakota, Texas, and Wisconsin.
[17] The Mosaic Company and Mosaic Fertilizer, LLC are headquartered in Tampa, FL; Nutrien Ltd is headquartered in Saskatoon, Saskatchewan, Canada; Nutrien Ag Solutions, Inc. is headquartered in Loveland, CO; CF Industries Holdings, Inc. and CF Industries, Inc. are headquartered in Northbrook, IL; CF Industries Nitrogen, LLC is headquartered in Deerfield, IL; Koch Industries, LLC, Koch Agronomic Services, LLC, Koch Ag & Energy Solutions, LLC, and Koch Fertilizer, LLC are headquartered in Wichita, Kansas; Koch Fertilizer Wever, LLC is

as well.[18] Accordingly, Missouri does not provide any meaningful advantage in terms of convenience. Indeed, Missouri may, in fact, be inconvenient for many of the geographically dispersed parties given that it is not a designated hub for any major airline.

The same is true for witnesses and documentary evidence. Relevant evidence will include corporate records, pricing data, internal communications, and expert economic analysis, all of which are likely to be located across multiple jurisdictions. Key witnesses will likewise be dispersed nationwide and abroad. As a result, no single regional forum can claim a meaningful concentration of evidence or witnesses sufficient to justify centralization on that basis. In any event, in the age of technology and given the conduct period largely at issue in this litigation (*i.e.*, 2021 going to the present), most discovery will likely take place electronically or by remote means.

Nor does Missouri's geographic centrality carry meaningful weight. Although Kansas City may be centrally located within the United States, centrality alone does not translate into convenience in a case of this scale. This litigation involves nationwide classes, internationally-based Defendants, and dispersed proposed class representatives and counsel. Under these circumstances, selecting a forum based on its midpoint location does little to reduce the logistical burdens associated with coordinating proceedings, managing discovery, and facilitating participation by parties, witnesses, and counsel located across multiple jurisdictions. For example, in 2025, Kansas City International Airport handled approximately 11 million domestic and international passengers and 102,503 flights.[19] In contrast, San Francisco International Airport

headquartered in Wever, IA; Yara International ASA is headquartered in Oslo, Norway; Yara North America Inc. is headquartered in Tampa, FL; Canpotex Ltd. Is globally headquartered in Saskatoon, Saskatchewan, Canada; The International Fertilizer Association (IFA) is headquartered in Paris, France; The Fertilizer Institute (TFI) headquartered in Arlington, VA.

[18] Attorneys named in the twelve complaints filed to date include: Alabama, California, Colorado, Florida, Illinois, Kansas, Massachusetts, Minnesota, Missouri, New Jersey, New York.

[19] https://www.transtats.bts.gov/data_elements.aspx

handled 54.53 million passengers and 416,288 aircraft operations (arrivals and departures) in 2025.[20] This disparity reflects the significantly greater connectivity and accessibility of the Northern District of California for a nationwide and international litigation of this scope.

In sum, Movant's reliance on Missouri's agricultural ties and geographic centrality do not establish that it is the most appropriate transferee forum. Those considerations are outweighed by the nationwide scope of the alleged conduct, the geographic dispersion of the parties, witnesses, and evidence, and the need for a forum equipped to efficiently manage complex antitrust multidistrict litigation.

### D. Alternatively, the Northern District of Illinois Is Preferable to the Western District of Missouri

Should the Panel determine that a forum other than the Northern District of California is more appropriate for centralization, Plaintiff respectfully submits that the Northern District of Illinois is a more suitable transferee forum than the Western District of Missouri.

The Northern District of Illinois presents a convenient and accessible forum for this nationwide litigation. As discussed *supra*, this litigation involves Defendants headquartered across multiple regions of the United States and abroad. Chicago, therefore, serves as a more central transportation hub with extensive domestic and international connectivity. This accessibility facilitates participation by geographically dispersed parties, witnesses, and counsel and supports efficient coordination of proceedings.

The district also has a meaningful connection to this litigation. The first-filed action is pending in the Northern District of Illinois,[21] and the Department of Justice Antitrust Division's

[20] https://roadgenius.com/statistics/airports/usa/san-francisco-sfo-airport/#Aircraft_Operations_at_San_Francisco_International_Airport
[21] *Stevens et al. v. Nutrien AG Solutions et al.*, No. 1:26-cv-02585, (N.D. Ill., Mar. 7, 2026).

investigation into the alleged conduct is being conducted out of its Chicago office.[22] These considerations support centralizing the related actions in a forum with an existing nexus to the underlying issues and proximity to a potential parallel proceeding.

In addition, the Northern District of Illinois possesses substantial experience and resources to manage complex multidistrict litigation, including antitrust matters.[23] The district maintains a large and active bench and has overseen numerous complex MDL proceedings, including antitrust cases. Its demonstrated ability to efficiently manage such litigation further supports its selection as a transferee forum.

Accordingly, if the Panel declines to select the Northern District of California, it should instead transfer these actions to the Northern District of Illinois.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Bradley Samuelson respectfully requests that the Panel deny Movant's request to transfer these actions to the Western District of Missouri and instead centralize the Related Actions in the Northern District of California. In the alternative, should the Panel determine that another forum is more appropriate, Plaintiff respectfully requests that the Panel select the Northern District of Illinois as the transferee forum.

Date: April 13, 2026

Respectfully submitted,

*/s/ Adam J. Zapala*
Adam J. Zapala (California Bar No. 245748)
Elizabeth T. Castillo (California Bar No. 280502)
Christopher F. Jeu (California Bar No. 247865)
Christian S. Ruano (California Bar No. 352012)
Lauren A. Devens (California Bar No. 364511)

---

[22] Frank DeMatteo, Justice Department probes fertilizer giants for possible price collusion (Mar. 4, 2026), available at https://finance.yahoo.com/news/justice-department-probes-fertilizer-giants-192006014.html

[23] 87 antitrust actions were filed in the Northern District of Illinois in 2025. U.S. District Court—Judicial Caseload Profile.

**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
cjeu@cpmlegal.com
cruano@cpmlegal.com
ldevens@cpmlegal.com

*Attorney for Plaintiff Bradley Samuelson*

**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: Nitrogen, Phosphorus, and Potassium (NPK) Fertilizer Antitrust Litigation | MDL. No. 3187 |

**PROOF OF SERVICE**

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that copies of the foregoing Response to Plaintiff IIHAB Partnership's Corrected Motion to Transfer and Centralize Related Actions for Coordinated or Consolidated Pretrial Proceedings and Proof of Service were served on all parties in the following cases electronically via ECF, and as indicated below, on April 13, 2026.

**Courtesy Copies via U.S. Mail**

| | |
|---|---|
| United States District Court<br>District of Colorado<br>Clerk of the Court<br>1437 Bannock Street<br>Room 256 (Clerk's Office)<br>Denver, Colorado 80202<br><br>*Case No. 1:26-cv-01043* | United States District Court<br>Northern District of Illinois<br>Clerk of the Court<br>Everett McKinley Dirksen, US Courthouse<br>219 S. Dearborn Street, 20th Floor<br>Chicago, Illinois 60604<br><br>*Case Nos. 1:26-cv-02585, 1:26-cv-03051, 1:26-cv-03745, 1:26-cv-04070* |
| United States District Court<br>District of Kansas<br>Clerk of the Court<br>500 State Ave, Room 259<br>Kansas City, Kansas 66101<br><br>*Case Nos. 2:26-cv-02146, 2:26-cv-02164, 2:26-cv-02175, 2:26-cv-02179* | United States District Court<br>Northern District of California<br>Clerk of the Court<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>*Case No. 5:26-cv-02970* |
| United States District Court<br>Western District of Missouri<br>Clerk of the Court<br>400 E. 9th Street<br>Kansas City, Missouri 64106<br><br>*Case Nos. 4:26-cv-00221, 2:26-cv-04063* | Clerk of the Panel<br>United States Judicial Panel on Multidistrict Litigation<br>Thurgood Marshall Federal Judiciary Building<br>One Columbus Circle, NE, Room G-255, Nolih Lobby<br>Washington, DC 20544-0005 |

**Plaintiffs' Counsel Served Via Electronic Mail**

| | |
|---|---|
| Linda P. Nussbaum, Esq.<br>**NUSSBAUM LAW GROUP, P.C.**<br>1225 Franklin Avenue, Suite 325<br>Garden City, New York 11530<br>Telephone: (917) 438-9189<br>lnussbaum@nussbaumpc.com<br><br>Marco Cercone<br>**RUPP PFALZGRAF LLC**<br>1600 Liberty Building<br>424 Main Street<br>Buffalo, New York 14202<br>Telephone: (716) 854-3400<br>cercone@rupppfalzgraf.com<br><br>Michael E. Criden<br>Lindsey C. Grossman<br>**CRIDEN & LOVE, P.A.**<br>2020 Salzedo Street, Suite 302<br>Coral Gables, Florida 33134<br>Telephone: (305) 357-9000<br>mcriden@cridenlove.com<br>lgrossman@cridenlove.com<br><br>*Counsel for Plaintiffs Jakob Stevens, Kyli Knickerbocker Stevens d/b/a Fire Creek Farms; Michael Rumbold*<br>N.D. Illinois, Case No. 1:26-cv-02585<br>N.D. Illinois, Case No. 1:26-cv-03051 | Rex A. Sharp<br>Isaac L. Diel<br>Hammons P. Hepner<br>**SHARP LAW, LLP**<br>4820 West 75th Street<br>Prairie Village, Kansas 66208<br>Telephone: (913) 901-0505<br>rsharp@midwest-law.com<br>idiel@midwest-law.com<br>hhepner@midwest-law.com<br><br>Stuart A. Davidson<br>Mark J. Dearman<br>Anny Marie Martin<br>**ROBBINS GELLER RUDMAN & DOWD LLP**<br>225 NE Mizner Boulevard, Suite 720<br>Boca Raton, Florida 33432<br>Telephone: (561) 750-3364<br>sdavidson@rgrdlaw.com<br>mdearman@rgrdlaw.com<br>amartin@rgrdlaw.com<br><br>Alexandra S. Bernay<br>Arthur L. Shingler III<br>**ROBBINS GELLER RUDMAN & DOWD LLP**<br>655 West Broadway, Suite 1900<br>San Diego, California 92101<br>Telephone: (619) 231-1058<br>xanb@rgrdlaw.com<br>ashingler@rgrdlaw.com<br><br>Marc A. Wites<br>Thomas Rogers<br>**WITES & ROGERS ATTORNEYS AT LAW**<br>4400 North Federal Highway<br>Lighthouse Point, Florida 33064<br>Telephone: (561) 567-9947<br>mwites@whiteslaw.com<br>trogers@whiteslaw.com<br><br>*Counsel for Plaintiff Wendelken Farms, LC*<br>D. Kansas, Case No. 2:26-cv-02164 |

| | |
|---|---|
| Benjamin J. Widlanski<br>Brandon M. Sadowsky<br>Lindsey E. Graham<br>**KOZYAK TROPIN THROCKMORTON LLP**<br>2525 Ponce de Leon Boulevard, 9th Floor<br>Coral Gables, Florida 33134<br>Telephone: (305) 372-1800<br>bwidlanski@kttlaw.com<br>bsadowsky@kttlaw.com<br>lgraham@kttlaw.com<br><br>Gene P. Graham, Jr.<br>Bryan T. White<br>**WHITE, GRAHAM, BUCKLEY, & CARR, LLC**<br>19049 East Valley View Parkway, Ste. C<br>Independence, Missouri 64055<br>Telephone: (816) 373-9080<br>ggraham@wagblaw.com<br>bwhite@wagblaw.com<br><br>Joseph R. Saveri<br>Diane S. Rice<br>Cadio Zirpoli<br>**SAVERI LAW FIRM, LLP**<br>550 California Street, Suite 910<br>San Francisco, California 94104<br>Telephone: (415) 500-6800<br>jsaveri@saverilawfirm.com<br>czirpoli@saverilawfirm.com<br>drice@saverilawfirm.com<br><br>Clayton Jones<br>P.O. Box 257<br>Raymore, Missouri 64083<br>Telephone: (816) 318-4266<br>clayton@claytonjoneslaw.com<br><br>*Counsel for Plaintiff IIHAB Partnership*<br>W.D. Missouri, Case No. 4:26-cv-00221 | Rex A. Sharp<br>Isaac L. Diel<br>Hammons P. Hepner<br>**SHARP LAW, LLP**<br>4820 W. 75th Street<br>Prairie Village, Kansas 66208<br>Telephone: (913) 901-0505<br>rsharp@midwest-law.com<br>idiel@midwest-law.com<br>hhepner@midwest-law.com<br><br>*Counsel for Plaintiff Melinda Matson*<br>D. Kansas, Case No. 2:26-cv-02146 |
| Richard M. Paul, III<br>Ashlea G. Schwarz<br>Mary Jane Fait<br>Katherine Miles<br>**PAUL LLP**<br>600 Broadway Boulevard, Suite 600<br>Kansas City, Missouri 64105<br>Telephone: (816) 984-8100 | Jonathan S. Crevier<br>**DICELLO LEVITT LLP**<br>6645 South Cherry Way<br>Centennial, Colorado 80121<br>Telephone: (646) 933-1000<br>jcrevier@dicellolevitt.com |

| | |
|---|---|
| Rick@PaulLLP.com<br>Ashlea@PaulLLP.com<br>MaryJane@PaulLLP.com<br>Katie@PaulLLP.com<br><br>*Counsel for Plaintiff Jason Buckman Farms, LLC*<br>W.D. Missouri, Case No. 2:26-cv-04063 | Gregory S. Asciolla<br>Theodore Salem-Mackall<br>**DICELLO LEVITT LLP**<br>485 Lexington Avenue, Suite 1001<br>New York, New York 10017<br>Telephone: (646) 933-1000<br>gasciolla@dicellolevitt.com<br>tsalemmackall@dicellolevitt.com<br><br>Adam J. Levitt<br>**DICELLO LEVITT LLP**<br>Ten North Dearborn Street, Sixth Floor<br>Chicago, Illinois 60602<br>Telephone: (312) 214-7900<br>alevitt@dicellolevitt.com<br><br>Eric Olson<br>**OLSON GRIMSLEY KAWANABE HINCHCLIFF & MURRAY LLC**<br>700 17th Street, Suite 1600<br>Denver, Colorado 80202<br>Telephone: (303) 535-9151<br>eolson@olsongrimsley.com<br><br>*Counsel for Plaintiff Union Line Farms, Inc. v. Mosaic Company, et al.*<br>D. Colorado, Case No. 1:26-cv-01043 |
| Joseph Charles Bourne<br>Kyle Pozan<br>Heidi M. Silton<br>**LOCKRIDGE GRINDAL NAUEN PLLP**<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, Minnesota 55401<br>Telephone: (612) 339-6900<br>jcbourne@locklaw.com<br>kjpozan@locklaw.com<br>hmsilton@locklaw.com<br><br>H. Samuel Prim, III<br>**PRIM & MENDHEIM, LLC**<br>P.O. Box 2147 (36302)<br>103 Jamestown Boulevard<br>Dothan, Alabama 36301<br>Telephone: (334) 671-9555<br>samuelprim@gmail.com<br><br>*Counsel for Plaintiff Casey Carroll* | David J. Rebein<br>Pablo H. Mose<br>**REBEIN BROTHERS PA**<br>810 Frontview<br>PO Box 1147<br>Dodge City, Kansas 67801<br>Telephone: (620) 227-8126<br>david@rbr3.com<br>pablo@rbr3.com<br><br>Rex A. Sharp<br>Isaac L. Diel<br>Hammons P. Hepner<br>**SHARP LAW, LLP**<br>4820 West 75th Street<br>Prairie Village, Kansas 66208<br>Telephone: (913) 901-0419<br>rsharp@midwest-law.com<br>idiel@midwest-law.com<br>hhepner@midwest-law.com |

| | |
|---|---|
| N.D. Illinois, Case No. 1:26-cv-03745 | *Counsel for Plaintiff Davis Ehrsam Farms LLC*<br>D. Kansas, Case No. 2:26-cv-02175 |
| Patrick J. Stueve<br>Steve N. Nix<br>Caleb Wagner<br>Benjamin J. Stueve<br>**STUEVE SIEGEL HANSON, LLP - KC**<br>460 Nichols Road, Suite 200<br>Kansas City, Missouri 64112<br>Telephone: (816) 714-7100<br>stueve@stuevesiegel.com<br>six@stuevesiegel.com<br>wagner@stuevesiegel.com<br>ben.stueve@stuevesiegel.com<br><br>Don M. Downing<br>Jack A. Downing<br>Dan R. Ritter<br>**GRAY RITTER GRAHAM**<br>701 Market Street, Suite 800<br>St. Louis, Missouri 63101<br>Telephone: (314) 241-5620<br>ddowning@grgpc.com<br>jdowning@grgpc.com<br>dritter@grgpc.com<br><br>*Counsel for Plaintiff David Polifka, David Polifka Revocable Living Trust, Grafel Farms, LLC, Charles Frickey, Charles Frickey Revocable Trust, Black River Cattle, LLC, JLM Farms, LLC, THM Farms, LLC, GMP Farm Partners, HCM Farm Partners, Jack Harrison McGee, Generation Three Partnership, Eagle Lake Farms, Bacon Lake Farm, Bryce Baker, Rocky Point Farms, Inc., Hardy's Holsteins, LLC, Sherping Farms, LLC, Scherping Farms of Little Falls, Inc., Johnson Farm Minnesota LLC, Chad Olsen, Paula Olsen, David Schwaninger, Matt Bargen, Robin Bargen, Oakfield Alabama Farms, Lakeshore Dairy LLC, Qual Grain, CD Acres LLC, Dewitz Feedlot, Inc., Ochsner Partnership, Collin Klebsch, Klebsch Farms, Inc, Lynn Kirschbaum,* | Kimberly A. Justice<br>**JUSTICE JAGHER LONDON & MILLEN LLC**<br>923 Fayette Street<br>Conshohocken, PA 19428<br>Telephone: (484) 243-6335<br>kjustice@jjlmlaw.com<br><br>Robert J. Wozniak<br>Samantha M. Gupta<br>**JUSTICE JAGHER LONDON & MILLEN LLC**<br>100 Tri-State International, Suite 128<br>Lincolnshire, IL 60069<br>Telephone: (224) 632-4500<br>rwozniak@jjlmlaw.com<br>sgupta@jjlmlaw.com<br><br>William G. Caldes<br>Jeffrey J. Corrigan<br>Jeffrey L. Spector<br>**SPECTOR ROSEMAN & KODROFF, P.C.**<br>2001 Market Street, Suite 3420<br>Philadelphia, PA 19103<br>Tel: (215) 496-0300<br>bcaldes@srkattorneys.com<br>jcorrigan@srkattorneys.com<br>jspector@srkattorneys.com<br><br>H. Samuel Prim, III<br>**PRIM & MENDHEIM, LLC**<br>P.O. Box 2147 (36302)<br>103 Jamestown Boulevard<br>Dothan, AL 36301<br>(334) 671-9555<br>samuelprim@gmail.com<br><br>*Counsel for Plaintiff David Carroll*<br>N.D. Illinois, Case No. 1:26-cv-04070 |

| | |
|---|---|
| *Rodney Naedler, Naedler Farms II*<br>D. Kansas, Case No. 2:26-cv-02179 | |

**Defendants' Counsel Served via Electronic Mail**

| | |
|---|---|
| Mark A. Ford<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>mark.ford@wilmerhale.com<br><br>Britt Marie Miller<br>Daniel Kelly Storino<br>**MAYER BROWN LLP**<br>71 S. Wacker Dr.<br>Chicago, Illinois 60606<br>Telephone: (312) 782-0600<br>bmiller@mayerbrown.com<br>courtnotification@mayerbrown.com<br><br>*Counsel for Defendant The Mosaic Company and Mosaic Fertilizer, LLC* | Heather P. Lamberg<br>**FRESHFIELDS US LLP**<br>700 13th St. NW, 10th Floor<br>Washington, DC 20005<br>Telephone: (202) 210-8169<br>Heather.Lamberg@freshfields.com<br><br>Manish Kumar<br>Eitan Berkowitz<br>**FRESHFIELDS US LLP**<br>One Bush Street, 17th Floor<br>San Francisco, California 94104<br>Telephone: (415) 400-2137<br>manish.kumar@freshfields.com<br>tani.berkowitz@freshfields.com<br><br>*Counsel for Defendant Yara North America, Inc.* |
| Christa C. Cottrell<br>Daniel E. Laytin<br>Alyssa C. Kalisky<br>**KIRKLAND & ELLIS LLP**<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>ccottrell@kirkland.com<br>dlaytin@kirkland.com<br>alyssa.kalisky@kirkland.com<br><br>*Counsel for Defendants CF Industries Holdings, Inc., CF Industries Nitrogen, LLC, and CF Industries, Inc.* | Eddie Hasdoo<br>**JONES DAY**<br>110 North Wacker Drive<br>Suite 4800<br>Chicago, Illinois 60606<br>Telephone: (312) 269-4214<br>ehasdoo@jonesday.com<br><br>Paxton J. Lozano<br>David C. Kiernan<br>**JONES DAY**<br>555 California St., 26th Floor<br>San Francisco, California 94104<br>Telephone: (415) 875-5745<br>plozano@jonesday.com<br>dkiernan@jonesday.com<br><br>*Counsel for Defendant Nutrien Ltd. and Nutrien Ag Solutions, Inc.* |

| | |
|---|---|
| Richard Brosnick<br>**AKERMAN LLP**<br>1251 Avenue of the Americas, 38th Floor<br>New York, New York 10020<br>Telephone: (212) 880-3834<br>richard.brosnick@akerman.com<br><br>*Counsel for Defendant Canpotex Limited* | Michelle Schmit<br>**QUINN EMANUEL URQUHART & SULLIVAN LLP**<br>500 W Madison St.<br>Room 2450<br>Chicago, Illinois 60661<br>Telephone: (312) 705-7400<br><br>Michael D. Bonanno<br>**QUINN EMANUEL URQUHART & SULLIVAN LLP**<br>555 13th Street NW, Suite 600<br>Washington, DC 20004<br>Telephone: (202) 538-8000<br>mikebonanno@quinnemanuel.com<br><br>*Counsel for Defendant Koch Industries, LLC, Koch Agronomic Services, LLC, Koch Ag & Energy Solutions, LLC, Koch Fertilizer Wever, LLC, and Koch Fertilizer, LLC* |

**Defendants Served via First-Class Mail International**

| | |
|---|---|
| **Yara International ASA**<br>Drammensveien 131<br>NO-0277 Oslo<br>Norway | **International Fertilizer Association**<br>9 Lincoln's Inn Fields<br>London<br>WC2A 3BP<br>United Kingdom |

**Defendants Served via U.S. Mail**

| | |
|---|---|
| **The Fertilizer Institute**<br>c/o CT Corporation System<br>1015 15th Street NW, Suite 1000<br>Washington, DC 20005 | |

Date: April 13, 2026

Respectfully submitted,

*/s/ Adam J. Zapala*

Adam J. Zapala (California Bar No. 245748)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com

*Attorney for Plaintiff Bradley Samuelson*

US POSTAGE PITNEY BOWES
ZIP 94010 $ 002.72[0]
02 4W
0000386978 APR 13 2026

**COTCHETT. PITRE & McCARTHY, LLP**
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CA 94010

---

**Courtesy Copy-Do Not File**

United States District Court
Northern District of Illinois
Clerk of the Court
Everett McKinley Dirksen, US Courthouse
219 S. Dearborn Street, 20th Floor
Chicago, Illinois 60604

*Case Nos. 1:26-cv-02585* (Bucklo), *1:26-cv-03051* (Kennelly), *1:26-cv-03745* (Durkin); 1:26-cv-04070 (Alonso)

RECEIVED
APR 20 2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT